# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHARLES R. WHISNANT,           )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-11-440-RAW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Charles R. Whisnant (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 21, 1966 and was 43 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as a coal conveyor operator, construction worker, and material handler. Claimant alleges an inability to work beginning December 31, 2006

3

due to limitations resulting from bipolar disorder.

## Procedural History

On September 2, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 28, 2011, an administrative hearing was held before ALJ Osly Deramus in McAlester, Oklahoma. On April 13, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on October 26, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to

find Claimant met a listing; (2) reaching an RFC which is not supported by substantial evidence; (3) failing to give appropriate weight to the opinion of his treating physician; (4) his findings at step five; and (5) failing to fully and fairly develop the materiality of Claimant's alcoholism.

**Evaluation for a Listing**

In his decision, the ALJ found Claimant suffered from the severe impairments of epilepsy and affective mood disorder. (Tr. 12). He concluded Claimant could perform a full range of work with the non-exertional limitations that he must avoid heights and dangerous moving machinery due to seizures. Additionally, due to psychologically based factors, the ALJ determined Claimant has some limitations but can perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and can adapt to a work situation. He found Claimant was unable to relate to the general public. (Tr. 15). After consultation with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of dishwasher or kitchen helper, which he found existed in sufficient numbers in the national and regional economies. (Tr. 20). He, therefore, found Claimant to not be disabled. Id.

Claimant first contends the ALJ should have found he met the

5

criteria for Listing 12.04. This listing extends to *Affective Disorders*. In order to meet a listing, a claimant must meet the criteria in both paragraph A to "substantiate medically the presence of a particular mental disorder" and paragraph B to describe "functional limitations that are incompatible with the ability to do any gainful activity." 20 C.F.R. Subpt. P., App. 1, § 12.00(A). The ALJ evaluated Claimant under Listing 12.04 and 12.09. The ALJ in this case does not appear to have evaluated under paragraph A but simply begins his analysis under paragraph B. Presumably, the ALJ determined Claimant meets the requirements for finding a mental disorder under paragraph A since he found Claimant suffered from severe mental impairments.

In asserting a condition meets a listing, a claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Under paragraph B, Claimant must demonstrate marked limitations in two of the three specified functional areas or marked limitation in one area and experience repeated episodes of decompensation. Listing 12.04(B). In evaluating Claimant's medical evidence, the ALJ found only moderate limitations in the three areas and only one or two

episodes of decompensation of extended duration. (Tr. 13-14).

Claimant contends he suffers marked limitations in the functional area of difficulties in maintaining concentration, persistence, or pace and has experienced repeated episodes of decompensation. On January 20, 2010, Dr. Jon Webb completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) with regard to Claimant. He determined Claimant had marked limitations in the areas of the ability to maintain attention and concentration for extended periods along with five other functional areas identified on the form. (Tr. 362-63). Dr. Webb also wrote in his assessment notes that "Pt suffers severe manic episodes & extended periods of depression, only partially stabilized by medication. He suffers significant social impairment & altho' pleasant & respectful, cannot tolerate the sustained (unreadable) or muster the sustained concentration to work even part time. His attendance would also be compromised by the severity and frequency of his mood swings." (Tr. 364).

The ALJ addressed Dr. Webb's statement in stating he considered the opinion but found it was not consistent with his other treatment records. (Tr. 19). On September 9, 2009, Dr. Webb found Claimant to be nervous, depressed and very anxious. He was sleepy all day and very unstable. Dr. Webb diagnosed Claimant with

7

Major Depressive Disorder and alcohol dependence. Medication was prescribed. (Tr. 371). On October 15, 2009, Claimant was very agitated and paranoid, depressed with wringing hands and speaking dramatically. Modification to medication was noted. (Tr. 370). On November 4, 2009, Dr. Webb found Claimant to be agitated easily, skipped his medication and was paranoid. He was diagnosed with Bipolar Disorder and Anxiety Disorder. (Tr. 369). On April 12, 2010, Claimant appeared to Dr. Webb to have chronic low grade anxiety, be fearful, depressed, and sad. His thoughts were organized and goal directed, his speech was coherent, and his behavior was cooperative and he interacted appropriately. Dr. Webb considered his medication "partially effective." (Tr. 91).

On June 16, 2010, Claimant was admitted to the Carl Albert Community Mental Health Center. They found Claimant to have symptoms of anxiety with panic attacks, decreased sleep, poor concentration, hearing auditory and seeing visual hallucinations, experiencing vague paranoia with suicidal ideations of hanging himself with a rope. Claimant was diagnosed with Mood Disorder, NOS, Alcoholism, Personality Disorder, NOS with a current GAF of 35 and past GAF of 55. (Tr. 70). Upon discharge he was alert and oriented and had no suicidal ideations or hallucinations. (Tr. 71).

On November 25, 2008, a Psychiatric Review Technique form was completed on Claimant by Dr. Cynthia Kampschaefer. She found Claimant suffered from depressive syndrome with a pervasive loss of interest in almost all activities, difficulty concentrating or thinking, thoughts of suicide, and hallucinations. (Tr. 299). She found Claimant was moderately limited in the areas of restriction of activities of daily living, difficulties in maintaining social functioning, difficulties maintaining concentration, persistence or pace, and experienced one or two episodes of decompensation. (Tr. 306). Dr. Kampschaefer found Claimant "indicates difficulties with memory, concentration, understanding, following directions, and getting alone with others." (Tr. 308).

Dr. Kampschaefer also completed a Mental Residual Functional Capacity Assessment form on November 25, 2008. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public. (Tr. 310-11). She concluded Claimant could perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and adapt to work situations. He could not relate to the general public. (Tr. 312).

The ALJ was within his function to find Dr. Webb's opinion was not supported by his treatment records. While Claimant repeatedly suffered from episodes of depression, anxiety, and paranoia, the effectiveness of his treatment was sporadic. As a result, his episodes of decompensation cannot be characterized as "of extended duration." As the ALJ noted, this phrase "means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." (Tr. 13-14); Listing § 12.00(C)(4). Although Claimant was repeatedly hospitalized for inpatient detoxification, he only experienced one year where three episodes of extended duration occurred. Accordingly, he would not have met this criteria for a listing.

**RFC Determination**

Claimant contends his extended absences from work while he sought treatment would preclude employment, given the testimony of the vocational expert. (Tr. 500). As Claimant indicates, his absences from May of 2008 through August of 2009 included 6 hospitalizations for 41 days. The ALJ took this information into account, finding that his absences were exacerbated by Claimant's failure to take his seizure medicine and when he was abusing alcohol. (Tr. 19). The medical record of his hospitalizations certain support this finding. Claimant also contends the effect of

10

his drug and alcohol abuse ("DAA") should have been evaluated as a contributing factor. The Social Security Act provides that an individual would not be considered disabled if alcoholism or drug addiction were a "contributing factor material to the Commissioner's determination that the individual is disabled." Salazar v. Barnhart, 468 F.3d 615, 622-23 (10th Cir. 2006). To that end, the Commissioner must determine whether the individual would still be disabled if he or she stopped using drugs or alcohol. Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001). Careful consideration is to be given to periods of abstinence. Salazar, *supra* at 623. If a claimant's mental impairments cannot be separated from the effects of substance abuse, then the claimant's drug and alcohol addiction is not a contributing factor material to the disability determination. Id. at 624. Additionally, in accordance with an explanatory teletype issued by Defendant, "where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should 'find that DAA is not a contributing factor material to the determination of disability." Id. at 623.

In this regard, the ALJ never found Claimant to be disabled. Consequently, a DAA finding as to whether abuse was a contributing

factor to his disability was not required.

### Evaluation of the Treating Physician's Opinion

Claimant contends the ALJ failed to properly consider the Medical Source Statement from Dr. Webb. As previously stated in connection with the listing argument, the ALJ followed the appropriate protocol in rejecting the statement by Dr. Webb in light of the treatment records and Dr. Kampschaefer's findings.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE